UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARMEN DE JESUS ESCOBAR RODRIGUEZ,

                Plaintiff,

  -against-

WILLIE'S APPLIANCES INC. and WILLIAM A. PINTO,

                Defendants.
-------------------------------------------------------------X

22-cv-07372

**COMPLAINT**

Plaintiff, CARMEN DE JESUS ESCOBAR RODRIGUEZ ("Plaintiff"), as and for her Complaint against Defendants, WILLIE'S APPLIANCES INC. ("Willie's Appliances") and WILLIAM A. PINTO ("Pinto") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Upon information and belief, Willie's Appliances owns and operates an appliance retail store in Hauppauge, New York that sells new and used appliances, such as stoves, washers, and dryers, to the public.

2. Plaintiff worked for Defendants as a cleaner.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to her employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

1

5. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Plaintiff**

8. Plaintiff is a resident of the State of New York.

9. Defendants employed Plaintiff as a cleaner for their benefit and at their direction.

10. Defendants employed Plaintiff from in or about December 2011 until on or about October 28, 2022.

11. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

**Defendant Willie's Appliances**

12. Upon information and belief, Willie's Appliances is a domestic business corporation duly organized and existing under the laws of the State of New York.

13. Upon information and belief, Willie's Appliances maintains a principal place of business at 1785 Express Drive North, Suite 2, Hauppauge, New York 11788.

14. Upon information and belief, Willie's Appliances owns and operates the appliance retail store known as Willie's Appliances located at 1785 Express Drive North, Suite 2, Hauppauge, New York 11788.

15. At all times relevant to this Complaint, Willie's Appliances had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

16. At all times relevant to this Complaint, Willie's Appliances had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

17. At all times relevant to this Complaint, Willie's Appliances had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

18. At all times relevant to this Complaint, Willie's Appliances was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiff.

19. During Plaintiff's employment, Willie's Appliances maintained control, oversight, and direction over her, including timekeeping, payroll, and other employment practices.

**Defendant William A. Pinto**

20. Upon information and belief, Pinto is a resident of the State of New York.

21. At all relevant times, Pinto was an individual engaging in business within this judicial district.

22. Upon information and belief, Pinto was and continues to be an owner, officer, director, member , and/or managing agent of Willie's Appliances.

23. Upon information and belief, Pinto was and continues to be the President of Willie's Appliances.

24. Upon information and belief, Pinto was and continues to be the Chief Executive Officer of Willie's Appliances.

25. At all relevant times, Pinto ran the daily operations of Willie's Appliances.

26. At all relevant times, Pinto participated in the management and supervision of Plaintiff and her work for Willie's Appliances.

27. At all relevant times, Pinto exercised operational control over Willie's Appliances, controlled significant business functions of Willie's Appliances, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Willie's Appliances in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

28. Pinto determined the wages and compensation of Willie's Appliances' employees, including Plaintiff, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees.

29. At all times relevant to this Complaint, Pinto was and is an employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed employees, including Plaintiff.

30. Pinto participated in the decision to hire Plaintiff.

31. Pinto participated in the decision to fire Plaintiff.

32. Pinto participated in deciding the job duties that Plaintiff performed.

33. Pinto participated in the supervision of Plaintiff's job duties and responsibilities.

34. Pinto participated in deciding the manner in which Plaintiff was paid.

35. Pinto participated in deciding the compensation Plaintiff was paid.

**Defendants Constitute Joint Employers**

36. Pinto owns, operates, and/or controls Willie's Appliances.

4

37. Pinto possesses operational control over Willie's Appliances, possesses an ownership interest in Willie's Appliances, and controls significant functions of Willie's Appliances.

38. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

39. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

40. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

41. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage Claims**

42. Plaintiff was an employee of Defendants.

43. Plaintiff worked as a cleaner.

44. Plaintiff's job duties included cleaning Defendants' appliances.

45. During the relevant period of Plaintiff's employment, Plaintiff worked six (6) days per week with Sundays off. Each shift, Plaintiff worked from about 7:00 a.m. until about 4:00 p.m. with a 30-minute break, for a total of approximately fifty-one (51) hours a week.

46. Defendants did not pay Plaintiff an overtime premium for all of the hours she worked in excess of forty (40) per week at a rate of one-and-one-half times her regular rate of pay.

47. Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

48. Defendants did not provide Plaintiff with a complete and accurate wage notice when she was hired, or at any time thereafter, as required by NYLL § 195(1).

49. Defendants did not provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

50. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

51. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

52. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

54. Defendants are subject to the overtime pay requirements of the FLSA because Willie's Appliances was and continues to be an enterprise engaged in commerce or engaged in the production of goods for commerce.

55. At all times relevant to this Complaint, Defendants had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

6

56. Upon information and belief, the gross annual volume of sales made or business done by Defendants in each applicable year was not less than $500,000.00.

57. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

59. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

60. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

61. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

62. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

63. Defendants did not act in good faith with respect to the conduct alleged herein.

64. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLES 6 AND 19
### FAILURE TO PAY OVERTIME

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

7

66. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

68. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

69. Plaintiff was not exempt from the overtime provisions of the NYLL because she did not meet the requirements for any of the exemptions available under New York law.

70. Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived her of proper overtime compensation.

71. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

72. Defendants have not acted in good faith with respect to the conduct alleged herein.

73. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

### COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(1)
### FAILURE TO PROVIDE WAGE NOTICES

74. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

75. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including upon hiring, as required by NYLL § 195(1), in English or in the language

identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

76. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

80. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

81. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

  E. Award interest on all unpaid wages due accruing from the date such amounts were due;

  F. Award all costs and attorneys' fees incurred in prosecuting this action; and

  G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
December 5, 2022

        THE NHG LAW GROUP, P.C.

        _____
        By: Keith E. Williams, Esq.
        *Attorneys for the Plaintiff*
        4242 Merrick Road
        Massapequa, New York 11758
        Tel: 516.228.5100
        keith@nhglaw.com